BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KATHERINE HORWITZ, OKLAHOMA STATE BAR 30110
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00285-EJL-004 |
|---|---|
| Plaintiff, | |
| vs. | **MOTION FOR DETENTION** |
| TIMOFEY BABICHENKO, | |
| Defendant. | |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, moves pursuant to 18 U.S.C. § 3142, for an order directing that Timofey Babichenko be held without bail pending trial.  Based on the defendant's international connections and transfer of property to Brazil, *inter alia*, no set of conditions sufficiently vitiate the serious risk that Timofey Babichenko will flee.

## STATUTORY BACKGROUND

Pursuant to the Bail Reform Act, a judicial officer must detain a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person." 18 U.S.C. § 3142(e).  Under the Act, the district court has a duty to engage in a two step procedure to before ordering that a defendant be detained released:  first, the Court must make a finding as to whether the defendant presents a serious risk of flight if not detained; if so, then the Court must determine whether any set of conditions would sufficiently abate that risk.  In that second step, the Court considers four factors outlined in § 3142(g)—of which this Court is well aware.  *See* 18 U.S.C. § 3142(g) (including the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the defendant, and the nature of the danger, if any, posed to the community upon release).  Of course, the Act mandates release under the least restrictive conditions, unless the government shows by a preponderance of the evidence that no such conditions can reasonably assure the appearance of the defendant.  *See* 18 U.S.C. § 3142(c).  Here, the government has met that burden:  the defendants have substantial international ties, means, and have made extensive preparations to relocate to Brazil.

## DISCUSSION

For the past decade, the defendants have operated a large-scale, sophisticated operation trafficking in counterfeit goods and labels out of two Boise, Idaho warehouses.  From approximately 2008 through 2018, Pavel Babichenko, Piotr Babichenko, Timofey Babichenko, Gennady Babitchenko, Natalya Babichenko, Kristina Babichenko, Artur Pupko, David Bibikov, Mikhail Iyerusalimets, and Anna Iyerusalimets, along with other conspirators, engaged in a scheme to purchase counterfeit electronic goods—primarily Apple iPhones and Samsung cellular

MOTION FOR DETENTION—2

products—from Chinese manufacturers, which they then resold as genuine and new through online platforms such as Amazon and eBay.

The scope of this conspiracy is vast. The defendants operate over a hundred separate business entities to sell their counterfeit goods online to thousands of customers. Over the course of this investigation, FBI and HSI agents have identified over fifty U.S. Customs and Border Protection seizures of counterfeit electronic goods associated with this conspiracy. Additionally, FBI and HSI agents have made over fourteen undercover purchases of counterfeit electronic goods between November 2015 and December 2017 through Amazon and eBay. With the help of a Confidential Human Source ("CHS"), investigators conducted three hand-to-hand, undercover purchases directly from Pavel Babichenko and David Bibikov at the two Boise, Idaho warehouses. Each undercover buy was a bulk purchase of counterfeit Apple and Samsung products, which the CHS represented he would then individually resell through Amazon or eBay.

The magnitude of this conspiracy transcends the volume of sales: Pavel Babichenko, Piotr Babichenko, and Timofey Babichenko traveled from Boise to China and Hong Kong to directly obtain their supply. Additionally, Pavel Babichenko, Piotr Babichenko, Timofey Babichenko, and Gennady Babitchenko travel to Brazil, where they are building eponymous condominiums with the proceeds of their counterfeit goods trafficking. For his part, Gennady Babitchenko operated an expansive money laundering scheme for the conspirators by funneling money through his various business accounts to, among other places, Brazil. In addition to this substantial planning, the defendant faces a substantial penalty if convicted: up to twenty years' imprisonment and a fine of double the amount of the financial transaction involved in the money laundering offense. The Ninth Circuit has recognized that consideration of the possible

MOTION FOR DETENTION—3

punishment as an incentive for a defendant's flight may be assessed in the Court's detention analysis. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990).

Like his brothers, Timofey Babichenko also travels to Brazil. Over the past four years, he has gone to Brazil at least three times. In fact, he returned from Brazil only three days ago. Based on their movement of assets and investments in property in Brazil, substantial means and planning, the defendant is a flight risk. *See id.* at 994–95 (recognizing that the "accusations . . . of sophisticated criminal conduct, whose successful completion required the ability to travel internationally, to adapt easily to foreign countries, and to move assets and individuals quickly from one country to another" weighed in favor of detention, as did "their access to substantial sums of cash"). Simply, the crimes alleged required planning, capital, facility in deception, and international ties. Couple these traits with the defendants' machinations to funnel money and assets to Brazil and the preponderance standard is more than met.

## CONCLUSION

In light of the above, the government asks that the Court detain Timofey Babichenko pending trial pursuant to the Bail Reform Act, 18 U.S.C. § 3142.

Respectfully submitted this 23rd day of August, 2018.

        BART M. DAVIS
        UNITED STATES ATTORNEY
        By:


        */s/ Katherine Horwitz*
        KATHERINE HORWITZ
        Assistant United States Attorney

MOTION FOR DETENTION—4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2018, the foregoing **MOTION FOR DETENTION** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Rob Lewis<br>913 W. River Street, Suite 430<br>Boise, Idaho 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

*/s/ Katherine Horwitz*
Assistant United States Attorney

MOTION FOR DETENTION—5