JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br><br>   Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**GOVERNMENT'S SECOND MOTION TO EXCLUDE EXPERT TESTIMONY OF ANNE M. LAYNE** |

The Government hereby moves to exclude testimony by Defendant David Bibikov's expert Anne M. Layne for failure to comply with Federal Rule of Criminal Procedure 16(b)(1)(C).

**GOVERNMENT'S SECOND MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —1

## BACKGROUND

Defendant Bibikov filed a notice of expert testimony of Anne M. Layne. (ECF 1336). The notice identified Layne as a forensic accountant and provided the following non-specific categories of information she reviewed: financial records from discovery, business records, online sale records, trial transcripts, trial exhibits, and analyses in government reports and memorandum. (ECF 1336). The notice did not provide any opinions that Layne will testify to, but rather stated that she "may testify" regarding the Defendant's financial transactions, the amount of funds received and used, the profitability of his businesses, his "business model in general," and the various records received in this case "including any opinions regarding the completeness of the data." (ECF 1336). Layne's curriculum vitae, attached to the notice, states that she is certified as a public accountant, as a fraud examiner, in financial forensics, and in anti-money laundering. (ECF 1336-1).

The Government filed a motion to exclude Layne's testimony for failure to comply with Fed. R. Crim. P. 16(b)(1)(C). (ECF 1340). Defendant Bibikov then filed a supplemental notice regarding Layne's testimony. (ECF 1406). In the supplemental notice, Defendant Bibikov disclosed that Layne will testify regarding money Bibikov received from Amazon, the lack of completeness in the financial and Amazon records, and the fact that the financial and Amazon records are not consistent.

This Court found that Defendant Bibikov's notice of Layne's testimony was inadequate because it only set forth the subject matter of Layne's testimony, but did

not set forth her opinions or conclusions, and the bases and reasons for those opinions/conclusions. (ECF 1419). The Court ordered Defendant Bibikov to file a supplemental notice that fully complies with Rule 16(b)(1)(C).

Defendant Bibikov filed a second supplemental notice regarding Layne's testimony. (ECF 1439). Defendant Bibikov reiterated the first supplemental notice, and "asks the Court to consider the First Supplement in response determining whether Mr. Bibikov has provided sufficient notice as contemplated by the Memorandum Decision Order." (ECF 1439 at 4).

The second supplemental notice also provided a new area of expert testimony by Ms. Layne:

> Mr. Bibikov further supplements his Initial and First Supplemental Notices by disclosing that Ms. Layne will testify regarding the government's conclusions that all products sold by all Mr. Bibikov's businesses were counterfeit. Specifically, Ms. Layne will discuss the characteristics of the products, which were examined by the trademark holders and from which the government extrapolates that all seized evidence is counterfeit. This testimony will include discussion of statistical sampling methods and how sampling is used to draw conclusions for an entire population.

(ECF 1439 at 4).

Other than the information provided in the expert notices, Defendant Bibikov did not disclose any reports or statements authored by Ms. Layne. On June 6, 2022, as part of the Defendants' disclosures of defense demonstratives, the Government received five demonstratives (DM2-95 to DM2-99) that appear to relate to the subject of Ms. Layne's testimony,

**GOVERNMENT'S SECOND MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —3

although they contain no identifying information from which the Government can make that determination. Four are spreadsheets with financial information in them, and one is a PowerPoint presentation that appears to contain statistical analysis related to products sold by Defendant Bibikov.

## ARGUMENT

1. Defendant Bibikov's expert disclosure is insufficient under Federal Criminal Rule 16(b)(1)(C).

Despite this Court's order, Defendant Bibikov still has not complied with Rule 16(b)(1)(C) by disclosing Ms. Layne's opinions or conclusions, and the bases and reasons for those opinions or conclusions. Rule 16(b)(1)(C) is "intended to minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 (1993 amend. advisory committee's note). "The Rule requires a summary of the expected testimony, not a list of topics." *United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001). This Court has ensured throughout the litigation that neither party is surprised by late disclosed or insufficiently described expert testimony. *See, e.g.*, Supplemental Notice of Expert Testimony, ECF 960 (June 15, 2021) (notice supplemented to "detail[ ] each opinion that will be rendered by Mr. Hogg, the exhibits that will be used by Mr. Hogg as part of his testimony, and the bases and reasons for such opinion").

**GOVERNMENT'S SECOND MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —4

Defendant Bibikov's notices provide a list of the general topics Layne may testify about but does not identify any opinions or conclusions that she will offer on these subjects. The disclosure also does not provide the bases or reasons for any potential opinions or conclusions. Rather, Defendant Bibikov provides a vague summary of topics and materials reviewed. Defendant Bibikov has not provided a report from Ms. Layne, or any documents explaining her analysis.[1] Thus, the Government has very limited information about Ms. Layne's proposed expert testimony.

Permitting Ms. Layne to testify as an expert with insufficient notice of her opinions, and the bases and reasons for the opinions, would unfairly prejudice the Government. The Government has no ability to test the merit of her opinions or conclusions without knowledge of what the opinions or conclusions will be. This is the very reason the Court ordered Defendant Bibikov to supplement the expert notice for Ms. Layne to comply with Rule 16(b)(1)(C). As the Court noted, "[f]ailure to file an adequate supplemental notice as directed may result in the Court's exclusion of Ms. Layne's testimony." (ECF 1419 at 11).

The Government also has no information about the reasons or bases for any potential opinions or conclusions she may draw. The demonstratives provided by the defendants provide no information from which the Government can determine the underlying analysis. None of the demonstratives contain citations to discovery

---

[1] Insufficient expert disclosures have led to the amendment of Federal Criminal Rule 16(a) and (b). Effective December 1, 2022, Rule 16 will be amended to require the disclosure of "a complete statement of all opinions" that will be elicited from the expert, and experts will be required to approve and sign expert witness disclosures. *See* https://www.supremecourt.gov/orders/courtorders/frcr22_llh2.pdf

**GOVERNMENT'S SECOND MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —5

or the record in this case. Defendant Bibikov has provided no explanation of the information the witness relied upon in creating the demonstratives, or the method of analysis Ms. Layne used. Again, without this information, the Government is prejudiced due to the inability to test the merits of the analysis underlying any opinions or conclusions.

The failure to disclose any specific information about Ms. Layne until the demonstrative deadline appears to be strategic. Despite the Government's motion to exclude, and the Court's order requiring supplemental notice, Defendant Bibikov waited until three weeks into trial to provide any substantive information about Ms. Layne's testimony. However, the nature of the information contained in the demonstratives are difficult to decipher, as they contain only numbers and spreadsheets from which the Government must attempt to infer the opinions or conclusions reached by the witness. Rules 16(b)(1)(C) requires more.

This willful failure to disclose an expert's opinions and reasons and bases therefore is a clear violation of Rule 16(b)(1)(C) and merits exclusion of the witness' testimony. *See United States v. Nash*, 115 F.3d 1431, 1439-40 (9th Cir. 1997) ("The district court did not abuse its discretion in concluding that the failure to disclose was willful and was justified in excluding the [expert] witness' testimony on that ground."); *see also* Fed. R. Crim. P. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.").

**GOVERNMENT'S SECOND MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —6

The failure to disclose Ms. Layne's opinions or conclusions relating to her statistical analysis, and the reasons and bases therefore, prejudices the Government. First, Defendant Bibikov has provided no information suggesting that Ms. Layne is qualified to perform a statistical analysis based on scientific, technical, or other specialized knowledge. The curriculum vitae included with the first expert disclosure provides no foundation that she is qualified to perform such an analysis. (ECF 1336-1).

Second, with no disclosure of the methods of her analysis, the Government cannot determine whether her testimony is based on sufficient facts or data, is the product of reliable principles and methods, and that she has reliably applied the principles and methods to the facts of the case under FRE 702. Thus, if permitted to testify, the Government will be required to move for a *Daubert* hearing to determine the reliability of her testimony.

This Court should exclude Ms. Layne's testimony due to Defendant Bibikov's failure to comply with Rule 16(b)(1)(C) and this Court's order at ECF 1419. Even if the Court determines that the supplemental disclosures of Ms. Layne's testimony regarding the Amazon and financial records are sufficient, her testimony should be limited to only that contained within the disclosures on those topics. The disclosure relating to statistical analysis falls woefully short of the requirements of Rule 16(b)(1)(C) and should be excluded in its entirety.

**GOVERNMENT'S SECOND MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —7

2. <u>Layne's proposed testimony regarding statistical analysis should be excluded under Federal Rules of Evidence 401, 403, and 702.</u>

The proposed testimony of Ms. Layne regarding her statistical analysis should also be excluded under the Federal Rules of Evidence. Defendant Bibikov asserts that she will testify "regarding the government's conclusions that all products sold by all Mr. Bibikov's businesses were counterfeit," and that she will discuss the characteristics of the products "from which the government extrapolates that all seized evidence is counterfeit." This testimony is irrelevant, would not help the jury understand the evidence or determine a fact in issue, and any probative value would be outweighed by the danger of confusing the jury, misleading the jury, and wasting the jury's time.

First, the testimony is not relevant to a fact of consequence and would not assist the jury in determining a fact at issue under FRE 401 and 702(a). The Government has not alleged that every product Defendant Bibikov sold was counterfeit. On the contrary, Government witness James Hogg opined that several of the products sold by Defendant Bibikov and seized in the package warrant were authentic Samsung products. *See* Trial Tr. 2769:07–09. More importantly, the Government does not have to prove that all of Defendant Bibikov's products were counterfeit. Rather, for the substantive counts of Trafficking in Counterfeit Goods, the Government need only prove that the products charged in the Indictment were counterfeit. *See* 18 U.S.C. § 2320. For the charge of Conspiracy to Traffic in Counterfeit Goods, the Government is not required to prove that Defendant Bibikov sold *any* counterfeit

products, but rather only that he knowingly agreed with others to do so. *See United States v. Chong*, 419 F.3d 1076, 1079 (9th Cir. 2005) (describing elements of proof of conspiracy charges). Thus, Defendant Bibikov seeks to rebut an assertion that the Government has not made and is not required to prove.

Second, permitting testimony about a statistical analysis of all of Defendant Bibikov's products is likely to confuse and mislead the jury, as well as waste the jury's time. This testimony is likely to confuse the jury as to what the Government is required to prove. It will mislead the jury into believing that, absent a determination that all of Defendant Bibikov's products were counterfeit, it cannot find guilt on the charged counts. Any minimal relevance to Defendant Bibikov's assertion that not all of his products were counterfeit is substantially outweighed by the likely confusion and misleading of the jury.

Finally, such testimony would also result in a waste of the jury's time. If Ms. Layne is permitted to testify, the Court will need to hold a *Daubert* hearing to determine whether her testimony is admissible under FRE 702. The Government has no way of determining the reliability of her testimony based on the inadequate disclosure. Further, the Government likely would seek additional time before presenting its rebuttal case to retain an expert that can examine and rebut Ms. Layne's conclusions. This would lead to a delay in the trial. Given the lengthy nature of the trial, and the late and inadequate disclosure by Defendant Bibikov, the Court should exercise its discretion to exclude the proposed statistical testimony of Ms. Layne.

**GOVERNMENT'S SECOND MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —9

## CONCLUSION

For the foregoing reasons, the Court should preclude Bibikov's expert, Anne M. Layne, from testifying in this matter.

Respectfully submitted this 7th day of July, 2022.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
BY:

*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

*/s/ Christian Nafzger*
CHRISTIAN NAFZGER
Assistant United States Attorney

*/s/ Justin Whatcott*
JUSTIN WHATCOTT
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2022, the foregoing GOVERNMENT'S SECOND MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties by ECF filing:

| | |
|---|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>  *Attorney for Pavel Babichenko* | ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>  *Attorney for David Bibikov* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>  *Attorney for Piotr Babichenko* | MELISSA WINBERG<br>702 W. Idaho Street, Ste. 1000<br>Boise, ID 83702<br>Melissa_Winberg@fd.org<br>  *Attorney for Anna Iyerusalimets* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>  *Attorney for Timofey Babichenko* | ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>  *Attorney for Mikhail Iyerusalimets* |
| GREG S. SILVEY<br>P.O. Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com<br>  *Attorney for Kristina Babichenko* | |

  */s/ Brandi Fifer*
  Legal Assistant

**GOVERNMENT'S SECOND MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —11